## Hill v. Snap-Tite, Inc.

*William W. Knox*, for plaintiffs.

*Isaac J. Silin, Vernon H. Elderkin, Jr.*, and *Alwin L. Beach*, for defendants.

EVANS, P. J., October 27, 1955.—Preliminary objection has been filed to the joining of above three defendants in one action to recover for surveying serv-

ices averred to have been rendered by plaintiffs to defendants under a single contract entered into by Malcolm Clark on behalf of all.

In the complaint it is averred that Malcolm Clark on his own behalf and as agent within the scope of his authority on behalf of the other two defendants ordered and secured the services for which compensation in the amount of $1,558.55 remains unpaid.

Defendant, Union City Realty, Inc., a corporation, filed an answer admitting that the work was ordered by defendant, Malcolm Clark, for said defendant and that at the time he was acting within his authority to make such contract. It was denied that Malcolm Clark acted on behalf of himself or Snap-Tite. Said answer avers, however, that the charges are excessive and unreasonable.

Defendants, Snap-Tite, Inc., and Malcolm Clark, in a preliminary objection filed August 11, 1955, seek the dismissal of the action as to them under the contention that there has been a misjoinder of parties. In other words, it is contended that all three defendants cannot be sued in the same single action. With this we do not agree. Pa. R. C. P. 2229 provides in section (*b*) as follows: "A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liability of all such persons will arise in the action."

Under the complaint we determine that there is but one contract for specific services to three defendants alleged to have been made by Malcolm Clark in his own behalf and as agent within the scope of his authority as to the other two defendants. Liability is averred as arising out of one transaction, to wit, a contract, and in this suit the existence of an oral contract, the

reasonableness of charges made thereunder, and the authority of Malcolm Clark to act for the other two defendants or either of them, will be adjudicated in one action.

Cited as authority for the position that individual suits must be filed against each of defendants is Ziegler v. Ellwood City Forge Company, 64 D. & C. 587. That case is clearly distinguishable in that both corporate defendants were joined in one mandamus proceeding for the reason that stockholders and officers were common to each. In that case the joinder was improper as it would have been had plaintiff sought to recover a coal bill against one company and an oil bill against the other. They were distinct legal entities in every respect with no semblance or possibility of joint liability or responsibility in the matters complained of.

Here the situation is entirely different. It may well be compared to a situation in which a cigarette company and an automobile company join together in hiring talent for a television program on which program each advertises its product. In such a case a person making the contract may be sued with the two principals. At the trial both companies may be held liable if the contract in their interest was made by an authorized agent, and if the agency is properly established, only the principals will be held liable. If he acted without authority, the agent alone is liable.

Here the averment is proper to support a verdict against three defendants unless by answer and subsequent proof it is shown that one or more of such defendants under applicable rules of law, which need not here be discussed, are not liable for the contract made.

And now, to wit, October 27, 1955, the preliminary objection filed August 11, 1955, is overruled and dismissed, and defendants allowed 15 days within which to file the answer on the merits.